UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 22-20289-CR-MARTINEZ

UNITED STATES OF AMERICA

v.

MATTHEW ZAYAS,

    Defendant.
_____/

### ORDER ON MOTION TO DISMISS

**THIS CAUSE** comes before the Court on Defendant Matthew Zayas's Motion to Dismiss the Indictment ("Motion"). (ECF No. 37.) After careful consideration of the Motion, the Government's Response, (ECF No. 38), and the Defendant's Reply, (ECF No. 40), this Court **DENIES** the Motion.

### I.  BACKGROUND

On June 29, 2022, Defendant was indicted on three counts of money laundering and one count of structuring. (Mot. at 2.) On or about December 19, 2018, an individual called the victim, then an 87-year-old woman, Marcella London, impersonating her grandson and claimed he was in a car accident, hired an attorney, and needed $25,000. (Resp. at 1.) The individual gave Ms. London Defendant's full name and Wells Fargo bank account information. (*Id.*) Based on that telephone conversation, Ms. London transferred $25,000 into Defendant's bank account. (Mot. at 2.)

Defendant went to a Wells Fargo branch and asked a teller about the deposit. (*Id.* at 1.) The teller told Defendant the money was wired to the account, confirmed the amount, and said the money was cleared for withdrawal. (*Id.*) Defendant withdrew the full $25,000 within 48 hours of

the transfer split into three transactions. (Resp. at 2.) First Defendant withdrew $8,000, then made two additional withdrawals of $8,500 and $8,100 the next day from two different branch locations. (Mot. at 1; Resp. at 3.) Ms. London first reported the incident to the Roseland NJ police on December 21, 2018. (*Id.* at 2.) On February 4, 2019, information was provided to Secret Service Agent Mark Lubischer. (*Id.*) The case was subsequently assigned to Agent Edmund Arthur on May 20, 2019, and then to Agent Christopher Xavier on February 3, 2021. (*Id.*)

## II. LEGAL STANDARD

"A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). A defendant's motion on the basis that a court lacks subject matter jurisdiction "may be made at any time while the case is pending." Fed. R. Crim. P. 12(b)(2). "Under [Federal Rule of Criminal Procedure] 12(b), an indictment may be dismissed where there is an infirmity of law in the prosecution; a court may not dismiss an indictment, however, on a determination of facts that should have been developed at trial." *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987) (first citing *United States v. Korn*, 557 F.2d 1089, 1090–91 (5th Cir. 1977); and then citing *United States v. Cadillac Overall Supply Co.*, 568 F.2d 1078, 1082 (5th Cir. 1978)). When considering a motion to dismiss an indictment, this this Court must take the allegations set forth in the indictment as true and viewed in the light most favorable to the Government. *See id.*; *Cadillac Overall Supply*, 568 F.2d at 1082.

## III. DISCUSSION

"[T]he Fifth Amendment requires the dismissal of an indictment, even if it is brought within the statute of limitations, if the defendant can prove that the Government's delay in bringing the indictment was a deliberate device to gain an advantage over him and that it caused him actual prejudice in presenting his defense." *United States v. Gouveia*, 467 U.S. 180, 192 (1984). "For [Defendant] to prove a due process violation from pre-indictment delay, [he] must show (1) that

there was actual prejudice to her defense and (2) that the government's delay was deliberate to gain a tactical advantage." *United States v. Diaz*, 846 F. App'x 846, 850 (11th Cir. 2021) (first citing *United States v. Gouveia*, 467 U.S. 180, 192 (1984) and then citing *United States v. Thomas*, 62 F.3d 1332, 1339 (11th Cir. 1995).

In support of the first prong Defendant argues that the three-and-a-half-year delay in this case resulted in actual prejudice because (1) the bank tellers that Defendant spoke to when withdrawing the money no long have any recollection of their conversation with Defendant from back in December 2018; (2) the car dealership where Defendant went looking to spend the money no longer exists; and (3) the inability of obtaining surveillance footage from the Wells Fargo branches that would purportedly show Defendant's interactions with the bank tellers. (Mot. at 5–7.) Defendant relies heavily on an Eighth Circuit case where pre-indictment delay of 47 months resulted in the death of six material defense witnesses. (*See id.* at 10 citing *United States v. Barket*, 530 F.2d 189, 192 (8th Cir. 1976)). Defendant also cites to several Eleventh Circuit cases where one or more witnesses died during the pre-indictment delay.[1] (Mot. at 5.) These cases do not help Defendant because they do not stand for the proposition that the dimming of memories alone automatically means pre-indictment delay has resulted in actual prejudice. Defendant has located the relevant tellers and no witnesses have died in this case. (*Id.* at 6–7.)

This Court need not reach the first prong in this case, however, because Defendant has not shown that the pre-indictment delay resulted from a "deliberate" attempt "to gain a tactical

---

[1] *United States v. Foxman*, 87 F.3d 1220, 1222 (11th Cir. 1996) (holding that district court was not "clearly wrong" in finding "actual substantial prejudice existed" "[g]iven the number of [defendant]'s best witnesses who died between 1983 and 1993" because "[m]ost of the evidence in the case against [defendant] was to be testimonial"); *see also United States v. Mills*, 704 F.2d 1553, 1557 (11th Cir. 1983) (death of single witness constituted actual prejudice from pre-indictment delay); *United States v. Lindstrom*, 698 F.2d 1154, 1158 (11th Cir. 1983) (defendants made prima facie showing of prejudice arising from three-year pre-indictment delay during which two witnesses died).

3

advantage." *See Diaz*, 846 F. App'x at 850–51. Defendant argues that because "[i]t does not appear that any additional substantive investigation took place between [February 4, 2019] and Mr. Zayas's July 1, 2022 arrest and interrogation[,] [t]he government's pre-indictment delay of over three years is without apparent justification and can only be attributed to a purposeful act to gain a tactical advantage over Mr. Zayas." (Mot. at 12.) Defendant adds that "[a]t very least, the government's actions in this case evince a reckless disregard of circumstances suggesting that there existed an appreciable risk that a three and a half year delay would impair Mr. Zayas's ability to mount an effective defense." (*Id.*) This rather conclusory argument falls short. Although Defendant exerts considerable effort arguing that mere negligence may be enough, "[t]he thrust of binding precedent in this circuit requires the defendant to show both actual prejudice *and* deliberate prosecutorial delay to gain tactical advantage." *Stoner v. Graddick*, 751 F.2d 1535, 1542 (11th Cir. 1985) (collecting cases). Indeed, this Circuit has interpreted *United States v. Marion*, 404 U.S. 307 (1971) and *United States v. Lovasco*, 431 U.S. 783 (1977) as strongly hinting "that bad faith was a necessary component of a successful due process challenge." *Id.* (noting the *Lovasco* Court stated the Government's "delay must violate 'the community's sense of fair play and decency. . . .'" (quoting *Lovasco*, 431 U.S. at 790)). Accordingly, because Defendant "failed to carry his burden of proving intentional delay for a tactical advantage, his due process claim fails." *Stoner*, 751 F.2d at 1543 (affirming district court's denial of motion to dismiss for pre-indictment delay of 19 years because defendant "made no showing whatsoever that the state delayed in order to gain a tactical advantage.)

### IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant Matthew Zayas's Motion, (ECF No. 37), is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this __9__ day of August, 2023.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Becerra
All counsel of record